## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MINERVA TEXIDOR, | : | |
| | : | 3:10-cv-701 (CSH) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | **September 8, 2014** |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### RULING ON DEFENDANT'S OBJECTION TO RECOMMENDED
### RULING OF MAGISTRATE JUDGE

**HAIGHT**, Senior District Judge:

    This is an action under § 205(g) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), as amended. Plaintiff Minerva Texidor sought review of a final decision by the Commissioner of Social Security which denied her claim for Supplemental Security Income ("SSI") benefits. This Court referred the case to Magistrate Judge Joan G. Margolis.

    The case came before Judge Margolis on plaintiff's motion for an order reversing the decision of the Commissioner, or in the alternative for a remand for rehearing before the Administrative Law Judge ("ALJ"). The defendant Commissioner cross-moved for an order affirming his order denying benefits. Judge Margolis filed a Recommended Ruling ("RR") [Doc. 23], concluding that plaintiff's motion be granted in part and denied in part, defendant's motion be granted in part and denied in part, and the case be "remanded to the ALJ for a rehearing and an assessment of the severity of plaintiff's impairments and RFC findings that include all of plaintiff's limitations." RR at 32. The

Commissioner, appearing through the United States Attorney for this District, filed a timely written objection to the Magistrate Judge's Recommended Ruling. For the reasons that follow, the Court overrules the Commissioner's objection, approves and adopts the Recommended Ruling of the Magistrate Judge, and enters judgment accordingly.

## I. BACKGROUND AND DISCUSSION

The main thrust, the core of Judge Margolis's Ruling is found in the recommended order for remand to the ALJ for "an assessment of the severity of plaintiff's impairments . . . that include all of plaintiff's limitations." RR at 32. Plaintiff has a complicated medical history. Her affliction by a distressing number of physical and mental conditions is well documented by the medical evidence in the administrative record. An important criticism Judge Margolis leveled against the ALJ's decision denying benefits is that the ALJ paid inadequate attention to two of those conditions: anemia and asthma. The RR notes *inter alia* "the absence of consideration of plaintiff's anemia," and states that the ALJ "did not fully evaluate plaintiff's asthma," and "the ALJ did not consider plaintiff's asthma in combination with her other impairments." RR at 26-27. The last failing Judge Margolis regarded as problematic, in view of the fact that "[t]he Social Security Regulations require that when a claimant has multiple impairments, the Commissioner 'will consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.'" RR at 28 (citing and quoting 20 C.F.R. §§ 404.1523, 416.923). The direction for remand in the RR specifically addresses the deficiencies Judge Margolis discerned in the ALJ's decision rejecting plaintiff's claim for benefits.

The Commissioner's brief in support of his objections to the RR [Doc. 24] is a well-crafted exercise in advocacy, juxtaposing grudging acknowledgments of possible inadequacies in the ALJ's

Commissioner, appearing through the United States Attorney for this District, filed a timely written objection to the Magistrate Judge's Recommended Ruling. For the reasons that follow, the Court overrules the Commissioner's objection, approves and adopts the Recommended Ruling of the Magistrate Judge, and enters judgment accordingly.

## I. BACKGROUND AND DISCUSSION

The main thrust, the core of Judge Margolis's Ruling is found in the recommended order for remand to the ALJ for "an assessment of the severity of plaintiff's impairments . . . that include all of plaintiff's limitations." RR at 32. Plaintiff has a complicated medical history. Her affliction by a distressing number of physical and mental conditions is well documented by the medical evidence in the administrative record. An important criticism Judge Margolis leveled against the ALJ's decision denying benefits is that the ALJ paid inadequate attention to two of those conditions: anemia and asthma. The RR notes *inter alia* "the absence of consideration of plaintiff's anemia," and states that the ALJ "did not fully evaluate plaintiff's asthma," and "the ALJ did not consider plaintiff's asthma in combination with her other impairments." RR at 26-27. The last failing Judge Margolis regarded as problematic, in view of the fact that "[t]he Social Security Regulations require that when a claimant has multiple impairments, the Commissioner 'will consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.'" RR at 28 (citing and quoting 20 C.F.R. §§ 404.1523, 416.923). The direction for remand in the RR specifically addresses the deficiencies Judge Margolis discerned in the ALJ's decision rejecting plaintiff's claim for benefits.

The Commissioner's brief in support of his objections to the RR [Doc. 24] is a well-crafted exercise in advocacy, juxtaposing grudging acknowledgments of possible inadequacies in the ALJ's

opinion with ringing declarations that in any event they are unimportant. Thus it is said in the brief at 4: "The Commissioner concedes that the ALJ's decision is not a model of clarity and that the ALJ could have more clearly explained his analysis regarding impairments that he did not find to be severe." However, these deficiencies of expression have no significance because, the brief continues, "the ALJ's brief discussion of Plaintiff's treatment for or injury caused by the impairments of asthma, insomnia, and anemia in the section of his decision concerning his step-two analysis, indicates that he *considered* whether these impediments were severe," *id.* (emphasis in original), and "the regulations do not require discussion of the severity analysis." *Id*. The Commissioner's fall-back position is that "even if the ALJ had not considered the severity of these impairments at step two," the failure makes no difference: "since the ALJ found five severe impairments, any error in failing to find an additional impairment to be severe is harmless." *Id.* at 4-5.

When one examines the ALJ's "brief discussion" upon which the Commissioner's first contention depends, it would seem that in the Commissioner's view, the most fleeting reference to a physical impairment, either *en passant* or unspoken *sub silentio*, is sufficient to demonstrate that the ALJ gave appropriate consideration to the impairment in question. "As the regulations do not require discussion of the severity analysis," the Commissioner's brief concludes, "the ALJ properly met his burden in this regard." *Id.* at 4.

I have considered this contention *de novo*, 28 U.S.C. § 636(b)(1), and am unable to accept it. In his brief at 3, the Commissioner says of the pertinent regulations: "At step two of the disability evaluation process, federal regulations require that an ALJ '*consider* the medical severity of [a claimant's] impairments,' meaning that he or she must determine if a claimant 'ha[s] any impairment or combination of impairments which significantly limits you[r] physical or mental ability to do

3

basic work activities.' 20 C.F.R. § 416.920(a)(4)(ii)(c) (emphasis added). Notably, these regulations do not require any *discussion* of this consideration in the ALJ's decision." That latter proposition is true as far as it goes; but it does not go far enough to sustain the Commissioner's objection to this RR. *Consideration* of an impairment's medical severity by the ALJ is required; *discussion* of that subject is not. In a given case, an unrequired but nonetheless vouchsafed discussion may prove or disprove consideration of a particular impairment. The absence of a discussion the regulations do not require does not, standing alone, prove an absence of consideration. Each case turns upon the totality of its circumstances. In the case at bar, Judge Margolis reviewed the ALJ's decision in its entirety and, having done so, concluded that the ALJ had not given plaintiff's medically documented anemia and asthma the consideration the regulations required.

The Magistrate Judge reached the same conclusion with respect to the plaintiff's mental impairments, specifically documented "'one to two episodes of decompensation, each of extended duration.'" RR at 32. Judge Margolis criticizes the ALJ on this aspect of the case; the RR says at 32: "The ALJ did not reference the frequency or intensity of the episodes, nor did he consider the impact these episodes, nor did he consider the impact these episodes would have on plaintiff's ability to perform basic work activities. Further, these episodes were not referenced in the ALJ's hypothetical posed to the vocational expert, upon which the ALJ relied in reaching his conclusion as to plaintiff's RFC." *Id.*

Having considered these issues *de novo*, I agree with the Magistrate Judge's findings and conclusions with respect to the contents of the ALJ's decision.

The Commissioner's alternative argument is that any error on the part of the ALJ in this regard is harmless and does not warrant a remand. His brief at 5 cites *Stanton v. Astrue*, 370

4

Fed.Appx. 231, 233 n. 1 (2d Cir. 2010) for the proposition that "possible step two error did not warrant remand because the ALJ identified severe impairments, so plaintiff's claim proceeded through the evaluation process."  I have quoted the Commissioner's brief, not footnote 1 in the *Stanton* decision, upon which the Commissioner relies.  That footnote reads in its entirety:

> Even if we were to reach the merits of Stanton's argument, we would not identify error warranting remand because the ALJ did identify severe impairments at step two, so that Stanton's claim proceeded through the sequential evaluation process.  Further, contrary to Stanton's argument, the ALJ's decision makes clear that he considered the "combination of impairments" and the combined effect of "all symptoms" in making his determination. ALJ Op. at 5; *see also* 42 U.S.C. § 423(A)(2)(B) (requiring consideration of "combined effect of all of the individual's impairments"); *accord,* 20 C.F.R. § 404.1523.

*Stanton v. Astrue*, 370 Fed.Appx. at 233 n. 1.

Several observations may be made about this footnote.  First, it is dicta – but from a formidable source, and deserving of respectful attention.  More importantly, while the first of the two sentences in the footnote tends to support the Commissioner's argument that there should not be a remand in the case at bar, the second sentence (to which the Second Circuit attached equal if not greater import) militates powerfully in favor of a remand in this case.  As Judge Margolis's accurate reading of the ALJ's decision denying plaintiff benefits points out, the ALJ did not sufficiently include plaintiff's anemia or asthma when making the regulation-required consideration of the "combined effect of all of the individual's impairments."  The ALJ's opinion in *Stanton* showed that he considered the "combination of impairments" and the combined effect of "all symptoms," circumstances which the Second Circuit said militated against remand.  That is precisely what the ALJ in this case failed to do, a failure that the RR addresses by a remand to the ALJ for "an

assessment of the severity of plaintiff's impairments and RFC findings *that include all of plaintiff's limitations.*" RR at 32 (emphasis added).  That remand is not erroneous.  It is entirely appropriate in the circumstances.

In his brief at 7-8, the Commissioner prophesies ominously: "If the Court adopts the Magistrate Judge's reasoning, it will require that ALJs undertake a time-consuming and onerous discussion of every possible permutation of a claimant's impairments, a burden not supported by federal regulations and out proportion with the significance of the step-two analysis."  I am not swayed.  "The argument affords an example of the familiar advocate's gambit *ex hypothesi horribili ad judicem terrendum*" ("terrify the judge by the hypothesis of horrible consequences.").  *Chemical Bank v. Layne*, 423 F.Supp. 869, 881 (S.D.N.Y. 1976).  There are many things to fear in the world these days, but this is not one of them.  All an ALJ need do to avoid a remand is what the ALJ in *Stanton* did: write a decision of relatively modest scope but sufficient to assure the reader that the ALJ actually considered what the regulations command ALJs to consider.  The Magistrate Judge recommended a remand in this case because she concluded that the ALJ's opinion did not convey that assurance.   On *de novo* review of the question, I conclude that she was right.

## II.  CONCLUSION

This Court accepts the Magistrate Judge's Recommended Ruling pursuant to 28 U.S.C. § 636(b)(1).  The Commissioner's objection is overruled.  The Recommended Ruling becomes the Ruling of this Court.

The case is remanded to the Administrative Law Judge for a rehearing consistent with the directions in Part V, page 32 of the Ruling.

The Clerk is directed to close the file.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
September 8, 2014


/s/ *Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge