UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------x
                                                       :
MINERVA TEXIDOR                           :              3:10 CV 701(CSH)(JGM)
                                                       :
V.                                                     :
                                                       :
CAROLYN W. COLVIN,                        :
ACTING COMMISSIONER OF                    :
SOCIAL SECURITY                           :
                                                       :              DATE: JANUARY 13, 2015
-------------------------------------------------------- x
```

RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

On December 10, 2007, plaintiff applied for Supplemental Security Income benefits, claiming she has been disabled since November 16, 2007 due to asthma, high blood pressure, a "heart problem," depression, difficulty dealing with others, and blindness in her left eye.  (Dkt. #23, at 1).  After a hearing before ALJ William J. Dolan on October 29, 2009, ALJ Dolan issued his decision denying plaintiff benefits, and after exhausting her administrative remedies, plaintiff filed her Complaint in this case on May 7, 2010.  (Dkt. #1; Dkt. #23, at 1-2).  Four days later, this case was referred from Senior U.S. District Judge Charles S. Haight, Jr. to this Magistrate Judge (Dkt. #5), and on April 11, 2011, this Magistrate Judge issued her Recommended Ruling granting in part and denying in part plaintiff's Motion to Reverse and/or Remand, and granting in part and denying in part defendant's Motion to Affirm ["April 2011 Recommended Ruling"].  (Dkt. #23).  Following defendant's objection to the April 2011 Recommended Ruling (Dkt. #24), on September 8, 2014, Judge Haight issued his  Ruling on Defendant's Objections to Recommended Ruling of Magistrate Judge, approving and adopting the April 2011 Recommended Ruling, and judgment entered the next day. (Dkts. ##26-27).

On December 2, 2014, plaintiff filed the pending Motion for Attorney's Fees, with

affidavit and brief in support.  (Dkt. #28).[1]  Twenty-one days later, defendant filed her brief in opposition  (Dkt. #29), and the next day, on December 23, 2014, plaintiff filed her reply brief.  (Dkt. #30).

For the reasons stated below, plaintiff's Motion for Attorney's Fees (Dkt. #28) is granted in the amount of **$5,843.44** for a total of 32.0 hours, consisting of 25.0 hours at a rate of $180.54 for a subtotal of $4,513.50 for 2010; consisting of 3.70 hours at a rate of $185.80 for a subtotal of $687.46 for 2011; consisting of .20 hours at a rate of $191.62 for a subtotal of $38.32 for 2013; and consisting of 3.10 hours at a rate of $194.89 for a subtotal $604.16 for 2014.

## I. DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ["EAJA" or "Act"], 28 U.S.C. § 2412, the purpose of which Act is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions."  Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990)(footnote & citation omitted).  In order for an award of attorney fees to enter, this Court must find that plaintiff is a prevailing party, that the Commissioner of Social Security's opposition to the original motion to remand was without substantial justification, that no special circumstances exist that would make an award unjust, and that the fee petition was filed within thirty days of final judgment.  28 U.S.C. § 2412(d)(1)(B).

In the underlying Motion, plaintiff's counsel seeks an award of $7,091.21 for 38.80 hours of work, consisting of 30.40 hours in 2010 at an hourly rate of $180.54, 3.70 hours in 2011 at an hourly rate of $185.80, .20 hours in 2013 at an hourly rate of $191.62, and 4.50

---

[1]Plaintiff's counsel also attached his Itemization of Time ["Time Log"].

hours in 2014 at an hourly rate of $194.89.  (Dkt. #28, at 1; see also Dkt. #30, at 1).

Defendant does not contest plaintiff's prevailing party status, but defendant objects to the "amount of hours and related fees sought for some activities as they are excessive for the services rendered, were not reasonably necessary, or are not compensable under the EAJA." (Dkt. #29, at 1; see also id. at 2-11).  Defendant urges this Court to award no more than $3,971.88, or 22 hours, at an average rate of $180.54 per hour. (Id. at 1, 11).

A. HOURLY RATE

Defense counsel, without any elaboration or support, asserts this Court should award fees at an average rate of $180.54 per hour.  (Dkt. #29, at 1, 11).  The Court finds the proposed rates which plaintiff's counsel calculated "us[ing] the Government's Consumer Price Index . . . for all items in the Northeastern Region of the United States[,]" (Dkt. #28, Brief at 7), is reasonable particularly in light of the fact that the rates plaintiff's counsel proposes are only slightly higher, equal to, or even lower than hourly rates previously proposed and agreed to by defendant. See Seggerman v. Colvin, No. 3:11 CV 1219 (JBA)(JGM), 2014 WL 2534876, at *2 (D. Conn. Jun. 5, 2014)("[C]onsistent with defendant's proposal, and consistent with the rates awarded to counsel in the recent past, the following amounts are appropriate: $186.36 for 2011, $188.65 for 2012, and $191.62 for 2013, as well as $194.84 for 2014, which amount is the average rate so far for the [Consumer Price Index] adjusted for Connecticut.").  Accordingly, the Court will consider plaintiff's counsel's time incurred at an hourly rate of $180.54 in 2010, $185.80 in 2011, $191.62 in 2013, and $194.89 in 2014.

B. REASONABLENESS OF THE NUMBER OF HOURS

It is plaintiff's burden to establish entitlement to this fee award, and the district court has the discretion to determine what fee is "reasonable."  Hensley v. Eckerhart, 461 U.S.

3

424, 433, 437 (1983)(interpreting Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C.
§ 1988, which allows a "prevailing party" to recover from his adversary "a reasonable
attorney's fee as part of the costs.").[2] This Court has a duty to review plaintiff's itemized
statement to determine the reasonableness of the hours requested and to exclude hours
"that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434.

As the parties correctly observe, "[c]ourts throughout the Second Circuit have
consistently found that routine Social Security cases require, on average, between [twenty]
and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10 CV 1930
(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations & internal quotations
omitted). The "[r]elevant factors to weigh include the size of the administrative record, the
complexity of the factual and legal issues involved, counsel's experience, and whether
counsel represented the claimant during the administrative proceedings." Rodriguez v.
Astrue, No. 3:08 CV 154 (JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3,
2009)(internal quotations & citations omitted), approved in relevant part, 3:08 CV 154(JCH),
2010 WL 1286895 (D. Conn. Mar. 29, 2010).

This case involved several different diagnoses of both physical and mental illnesses
and ailments. Additionally, plaintiff's counsel, who has "specialized in Social Security
disability cases for over thirty years[,]" (Dkt. #28, Aff't ¶ 5), "did not represent [plaintiff]
during any of the previous administrative proceedings so that the attorney was not familiar
with the medical records or issues in this case." (Dkt. #28, Brief at 8). However, the
administrative record here was 414 pages, which is not "large[,]" as plaintiff posits in her
brief (Dkt. #28, Brief at 13), but rather, is, at best, "moderately-sized." (Id. at 8). Thus,

_____

[2]The "standards set forth in [Hensley] are generally applicable in all cases in which
Congress has authorized an award of fees to a 'prevailing party.'" Id. at 433, n.7.

although the 38.80 hours sought by plaintiff's counsel falls within the twenty to forty hours of time required, on average, to prosecute a Social Security case, after a careful examination of plaintiff's counsel's specific entries, and in light of the size of the record in this case, a small reduction in time is warranted.

B. SPECIFIC TIME ENTRIES

1. 2010

Defendant objects to four time entries in 2010 which she contends include commingled tasks, and she objects to plaintiff's counsel's expenditure of almost ten hours on initial filings in this case, before he even began preparing his Motion to Reverse and/or Remand.  (Dkt. #29, at 7-8).  While this Court has found that counsel's time allotted in .10 hour segments for reviewing ECF notices and .20 hour segments for reviewing such notices along with additional court filings is reasonable, see Seggerman, 2014 WL 2534876, at *4; Rivera v. Astrue, No. 3:07 CV 1049 (SRU)(WIG), 2009 WL 2982647, at *3 (D. Conn. Jun. 18, 2009)(.10 hour was reasonable for review of an ECF notice), plaintiff's counsel's time incurred in .20 hour segments on May 11 and 12, November 18 and 30, and December 20, 2010, will be reduced to .10 hour for each entry as the Court ECF Notice issued on each of those dates did not include a separate order.  (See Time Log at 1).[3]

Defendant appropriately objects to the 19.40 hours incurred in preparing plaintiff's dispositive motion. (Dkt. #29, at 8-9).  In light of the size of the record, the medical issues addressed, and plaintiff's counsel's extensive experience in this field, the 19.40 hours is reduced to 15.0 hours. Defendant also objects to the .80 hours incurred in reviewing and

---

[3]Plaintiff's counsel also references in his Time Log a review of three Court ECF Notices "issued on Saturday" August 21, 2010, October 2, 2010, and December 18, 2010, yet a review of the docket sheet reveals that each of these entries was issued by the Court on a Friday, which was the previous business day.  (Time Log, at 2; see also Time Log at 2 (February 14, 2011 entry)).

responding to defendant's two motions for extension of time.  (Id. at 9).  Plaintiff's counsel is entitled to no more than .30 hours for each of these entries.  See Barrow v. Astrue, No. 3:11 CV 828 (VLB)(TPS), 2013 WL 2428992, at *3 (D. Conn. Jun. 4, 2013)(.3 hours for drafting a one-page motion for extension of time); Rivera, 2009 WL 2982647, at *2  (.3 hours for reviewing and preparing e-mails, and preparing motion for extension of time is reasonable, and .1 or .2 hours for other entries relating to extensions of time is reasonable).

Additionally, a slight reduction is taken from the entry on May 5, 2010, in which plaintiff's counsel billed 3.30 hours for compensable preparation of the Complaint, IFP Motion, Appearance, Civil Cover Sheet, Summons Forms, and Financial Statement, but also included time for preparing instructions to the US Marshal and letter drafting which fall within the category of clerical tasks, which is not compensable under the EAJA.  See Lee v. Astrue, No. 3:09 CV 1575 (CSH)(JGM), 2011 WL 781108, at *4 (D. Conn. Feb. 28, 2011)(citations omitted).  The 3.30 hours will be reduced by .30 hours.

Accordingly, plaintiff is entitled to attorney's fees for 25.0 hours (30.40 hours - 5.40 hours) of time spent in 2010.[4]

### 2. 2014 - EAJA APPLICATION

Defendant posits that the 3.40 hours incurred by plaintiff's counsel related to his preparation and filing of his EAJA petition should be reduced to 1.0 hour.  (Dkt. #29, at 10).  "Other judges in this district have routinely found that preparation of an EAJA petition to largely involve clerical tasks, which are not compensable under the EAJA, and reduced such requests for [two] hours or less."  Barrow, 2013 WL 2428992, at *4 (awarding two hours for preparation of EAJA petition), citing Taylor v. Astrue, No. 09 CV 1791(MRK), 2011 WL

---

[4]Defendant does not object to plaintiff's counsel time entries in 2011 and 2013, and no hours were incurred in 2012.

1752239, at *3 (D. Conn. May 9, 2011)(awarding one hour for preparation of largely duplicative EAJA petition); <u>Hosking v. Astrue</u>, No. 3:10 CV 64 (MRK)(WIG), 2010 WL 4683917, at *2 (D. Conn. Oct. 1, 2010)(awarding two hours for preparation of EAJA petition), <u>approved absent objection</u>, No. 3:10 CV 64 (MRK), 2010 WL 4681257 (D. Conn. Nov. 3, 2010).  In this case, plaintiff's brief in support contains at least two references to another plaintiff's name (Dkt. #28, Brief at 7, 16), and many of the citations are fairly stale, referring to cases in the 1980s and 1990s, where more current citations are clearly available. Accordingly, in light of the largely duplicative nature of this petition, plaintiff's counsel is awarded two hours for performing this task (instead of the 3.4 hours requested), plus with the 1.1 hours sought on September 9-10, 2014, to which defendant does not object, comes to a subtotal of 3.1 hours in 2014.

<u>II. CONCLUSION</u>

For the reasons stated below, plaintiff's Motion for Attorney's Fees (Dkt. #28) <u>granted in the amount of **$5,843.44** for a total of 32.0 hours, consisting of 25.0 hours at a rate of $180.54 for a subtotal of $4,513.50 for 2010; consisting of 3.7 hours at a rate of $185.80 for a subtotal of $687.46 for 2011; consisting of .20 hours at a rate of $191.62 for a subtotal of $38.32 for 2013; and consisting of 3.10 hours at a rate of $194.89 for a subtotal $604.16 for 2014</u>.

This is a ruling on attorney's fees and costs which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 6(a), 6(e), and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon a motion timely made.

Dated this 13th day of January, 2015 at New Haven, Connecticut.


                /s/ Joan G. Margolis, USMJ
                Joan Glazer Margolis
                United States Magistrate Judge